·Case 69.—ACTION BY JOHN SMITH'S ADM'R AGAINST THE ILLINOIS CENTRAL R. R. CO.—May 23.

## Smith's Adm'r v. Illinois Central R. R. Co.

Appeal from McCracken Circuit Court.

Motion to dismiss appeal.

Appeals—Rule of Court—Delay in Filing Brief—Motion to Dismiss—Payment of Costs—Rule 3 of this court authorizes a dismissal of an .appeal without prejudice upon motion of the appellee where appellant has not filed .his brief twenty days prior to the day the case is set for hearing. Where appellant has failed to file his brief, and appellee on the calling of the docket entered a motion to dismiss the appeal, a motion then made by appellant for an extension of time to file his brief comes too late, although the facts stated in the affidavit for the extension were sufficient if the application had been made seasonably. Still as both parties are before the court, the ends of justice will be met by requiring appellant to pay the costs in this court up to the time the motion to dismiss the appeal was made.

HENDRICK & MILLER for appellant.

HUGHES & BERRY for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Overruling.

At the head of the present docket are printed in large type these words. "Important.—The special attention of attorneys is called to rule ·3, which will be enforced on the calling of the docket."

Rule 3 is as follows: "That in all cases or appeals hereafter filed, or now filed and not submitted, it shall be the duty of the appellant to file his brief twenty days prior to the day the case is set for hearing, and the appellee to file his brief ten days prior to that time, and a failure to do so by the appellant shall cause a dismissal of the appeal without prejudice;

and upon the part of appellee, he will, if in default, be required to pay the costs up to the date of filing his brief. No oral argument will be ordered or heard on the part of the party in default unless his brief is filed as herein provided. When the briefs are in, or the brief of the party not in default, an oral argument will be ordered, if desired, and a time fixed for the hearing.''

Appellant failed to file his brief twenty days prior to the day the case was set for hearing, and appellee, on the calling of the docket, entered a motion to dismiss the appeal. On the same day appellant entered a motion for time to file brief; but the time for filing the brief having expired, a motion to extend the time on the calling of the docket at the same time that the motion to dismiss was made comes too late. The facts stated in the affidavit accompanying the motion to extend the time for filing the brief would be sufficient to warrant an extension of the time if the application had been made seasonably, but the purpose of the rule is to give appellee an opportunity to file his brief after the appellant's brief is filed, so that the case may be ready for submission on the calling of the docket, and that each of the parties may have an opportunity to know, before the calling of the docket, the points relied on by his adversary.

Still, as both parties are before the court, and the ends of justice will be met by requiring appellant to pay the cost in this court up to this time, the motion to dismiss the appeal is overruled, but the appellant will pay the cost of the appeal up to this time. As the appellant is here asking for time, no more rigorous rule should be applied to him than would be to appellee if in like fault.